21. Defendant Adeeb Khalifeh, M.D. ("Dr. Khalifeh") is an individual practicing obstetrics and gynecology with medical offices and a business address at all relevant times at 100 E. Lancaster Avenue, Wynnewood, Pennsylvania 19096.

22. At all relevant times, Defendant Khalifeh undertook to provide medical and health and services to Plaintiffs Ashley Parks and Shawn Jones.

23. At all relevant times, Defendant Dr. Khalifeh was obliged use the professional skill, knowledge and care that he possessed and to follow accepted standards of medicine and obstetrics and gynecology.

24. Plaintiff is asserting a professional liability claim against Defendant Dr. Khalifeh. A Certificate of Merit is attached as Exhibit "E."

## II. JURISDICTION AND VENUE

25. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332 and the amount in controversy is greater than $75,000.

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants are residents of this judicial district and because the acts and conduct at issue occurred in this judicial district.

## III. FACTS

27. On November 30, 2010, Ashley Parks was 26 years old and was pregnant, at 40 weeks and two days. She went into labor on this date following an uneventful pregnancy.

28. Shawn Jones was born at Lankenau Hospital on November 30, 2010.

29. Ashley was given Pitocin during the delivery.

30. It was known by the hospital staff that Shawn was to be a large baby.

31. At delivery, Shawn weighed 8 lbs., 13 oz.

32. During delivery, the umbilical cord became wrapped around the baby's neck. A Code Blue was called by the Hospital but no C-section was ordered.

33. The staff at Lankenau, including Defendant doctors, attempted for more than two minutes to deliver the baby by pulling the child's head, without attempting alternative maneuvers.

34. With such a large, post-dates child, the hospital and physicians failed to perform a timely C-section, which resulted in severe injuries to the baby.

35. Shawn was born with Apgar scores of 1, 7 and 8, at one, five and ten minutes respectively.

36. Shawn suffered shoulder dystocia as a result of the negligently preformed delivery.

37. Shawn also suffered multiple neurological injuries from the negligently preformed delivery.

38. Shawn's injuries create balance problems and he is unable to dress himself or to clean himself.

39. Shawn is verbal; however his neurological limitations require him to see speech and occupational therapists.

40. As a result of Defendants' negligence, in particular, the failure to properly perform a timely cesarean surgery in a timely manner and failure to timely recognize, diagnose, and treat Ashley Parks and Shawn Jones, and failure to properly perform vaginal delivery, Plaintiff Shawn Jones was caused to suffer great physical pain and suffering and other injuries as described in the medical records and he will continue to suffer these injuries into the future.

41. Had Shawn's condition been recognized and treated by Defendants, his injuries would have been far less severe or even non-existent.

42. The grievous injuries suffered by Shawn Jones were caused solely and exclusively by the negligence of Defendants and/or their agents, servants, and employees and were due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

43. The negligence of Defendants, individually and collectively, increased the risk of harm to Shawn Jones.

44. As a result of the negligence of Defendants, individually and collectively, Shawn Jones has suffered tremendous pain and suffering and other damages as described below.

**FIRST CAUSE OF ACTION**
**Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones v. Defendants Main Line Health, The Lankenau Hospital, Joan Keegan, D.O., Arlene Smalls, M.D., and Adeeb Kahlifeh, M.D.**

45. The previous paragraphs are incorporated by reference.

46. As a direct result of the improper treatment and care rendered by all Defendants, Shawn Jones has undergone pain and suffering and permanent injury.

47. As a result of the negligence, carelessness and/or negligent omissions by Defendants, Shawn Jones has suffered the following damages, which are permanent:

(a) shoulder dystocia;

(b) brain injury;

(c) cognitive deficits;

(d) neurological impairment;

(e) oxygen deprivation;

(f) brachial plexus injury;

(g) mental slowing;

(h) speech impairment;

(i) spasticity;

(j) developmental delays;

(k) impaired growth;

(l) dysmorphic changes;

(m) the need for past medical care;

(n) the need for future medical care;

(o) other injuries the full extent of which are not yet presently known;

(p) past and future pain and suffering;

(q) past and future medical expenses;

(r) past and future mental anguish;

(s) economic damages;

(t) loss of past and future earnings;

(u) diminished earning capacity;

(v) past loss of life's pleasures;

(w) future loss of life's pleasures;

(x) disfigurement;

(y) humiliation;

(z) embarrassment

(aa) brain injuries, neurologic injuries and developmental injuries the full extent of which are still not known;

(bb) permanently physical and mental impairments and disabilities requiring extensive therapy, training and medical care;

(cc) severe and permanent brain damage, mental impairment and physical ability;

(dd) emotional and psychological trauma;

(ee) other injuries documented in the medical records;

WHEREFORE, Plaintiff Shawn Jones, a minor, by and through his parents and natural guardians, demands judgment against the Defendants, jointly and severally, together with all costs, interest, attorneys' fees and all other relief that this Court deems just and appropriate.

**COUNT I – NEGLIGENCE**
**Shawn Jones, a minor, by and through his**
**Parents and Natural Guardians, Ashley Parks and Shawn Jones v. Lankenau Hospital**

48. The previous paragraphs are incorporated by reference.

49. The negligence and carelessness of Defendant Lankenau Hospital, through the acts of its agents, ostensible agents, servants, and/or employees and included the following:

(a) failing to schedule, order and perform a timely cesarean section;

(b) failing to recognize prior to delivery and while Ashley Parks was under their control, that Shawn required a caesarian delivery due to his size;

(c) improperly attempting vaginal delivery;

(d) scheduling a vaginal delivery resulting in a delay in C-section;

(e) failing to employ available and/or appropriate methods, techniques and procedures in the delivery of Ashley Parks and Shawn Jones, taking into consideration and accounting for the known risks associated with Shawn's size;

(f) failure to prevent Shawn Jones from oxygen deprivation at birth;

(g) failure to prevent neurological birth injury;

(h) improperly attempting to delivery Shawn by manually pulling on his head;

(i) manually attempting to deliver Shawn by pulling on his head for an extended period of time;

(j) failure to attempt alternative delivery methods;

(k) failure to perform an emergency C-section;

(l) failure to recommend C-section in light of an overdue child;

(m) failure to recommend C-section in light of such a large child;

(n) using excessive force during vaginal delivery;

(o) failure to attempt other maneuvers during vaginal delivery;

(p) improper technique during vaginal delivery; and

(q) delay in identifying the need for intervention.

50. As a proximate result of the negligence, carelessness and/or negligent omissions set forth above, Shawn Jones has been caused to suffer the injuries, losses and damages set forth above.

WHEREFORE, Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones, demands judgment against Defendant, together with all costs, interest, attorneys' fees and all other relief which this Court deems just and appropriate.

**COUNT II – NEGLIGENCE**
**Shawn Jones, a minor, by and through his**
**Parents and Natural Guardians, Ashley Parks and Shawn Jones v. Main Line Health**

51. The previous paragraphs are incorporated by reference.

52. The negligence and carelessness of Defendant Main Line Health, through the acts of its agents, ostensible agents, servants, and/or employees and included the following:

(a) failing to schedule, order and perform a timely cesarean section;

(b) failing to recognize prior to delivery and while Ashley Parks was under their control, that Shawn required a caesarian delivery due to his size;

(c) improperly attempting vaginal delivery;

(d) scheduling a vaginal delivery resulting in a delay in C-section;

(e) failing to employ available and/or appropriate methods, techniques and procedures in the delivery of Ashley Parks and Shawn Jones, taking into consideration and accounting for the known risks associated with Shawn's size;

(f) failure to prevent Shawn Jones from oxygen deprivation at birth;

(g) failure to prevent neurological birth injury;

(h) improperly attempting to delivery Shawn by manually pulling on his head;

(i) manually attempting to deliver Shawn by pulling on his head for an extended period of time;

(j) failure to attempt alternative delivery methods;

(k) failure to perform an emergency C-section;

(l) failure to recommend C-section in light of an overdue child;

(m) failure to recommend C-section in light of such a large child;

(n) using excessive force during vaginal delivery;

(o) failure to attempt other maneuvers during vaginal delivery;

(p) improper technique during vaginal delivery; and

(q) delay in identifying the need for intervention.

53. As a proximate result of the negligence, carelessness and/or negligent omissions set forth above, Shawn Jones has been caused to suffer the injuries, losses and damages set forth above.

WHEREFORE, Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones, demands judgment against Defendant, together with all costs, interest, attorneys' fees and all other relief which this Court deems just and appropriate.

**COUNT III – NEGLIGENCE**
**Shawn Jones, a minor, by and through his**
**Parents and Natural Guardians, Ashley Parks and Shawn Jones v. Joan Keegan, D.O.**

54. The previous paragraphs are incorporated by reference.

55. The negligence and carelessness of Defendant Joan Keegan, D.O. included the following:

(a) failing to schedule, order and perform a timely cesarean section;

(b) failing to recognize prior to delivery and while Ashley Parks was under their control, that Shawn required a caesarian delivery due to his size;

(c) improperly attempting vaginal delivery;

(d) scheduling a vaginal delivery resulting in a delay in C-section;

(e) failing to employ available and/or appropriate methods, techniques and procedures in the delivery of Ashley Parks and Shawn Jones, taking into consideration and accounting for the known risks associated with Shawn's size;

(f) failure to prevent Shawn Jones from oxygen deprivation at birth;

(g) failure to prevent neurological birth injury;

(h) improperly attempting to delivery Shawn by manually pulling on his head;

(i) manually attempting to deliver Shawn by pulling on his head for an extended period of time;

(j) failure to attempt alternative delivery methods;

(k) failure to perform an emergency C-section;

(l) failure to recommend C-section in light of an overdue child;

(m) failure to recommend C-section in light of such a large child;

(n) using excessive force during vaginal delivery;

(o) failure to attempt other maneuvers during vaginal delivery;

(p) improper technique during vaginal delivery; and

(q) delay in identifying the need for intervention.

56. As a proximate result of the negligence, carelessness and/or negligent omissions set forth above, Shawn Jones has been caused to suffer the injuries, losses and damages set forth above.

WHEREFORE, Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones, demands judgment against Defendant, together with all costs, interest, attorneys' fees and all other relief which this Court deems just and appropriate.

**COUNT IV – NEGLIGENCE**
**Shawn Jones, a minor, by and through his**
**Parents and Natural Guardians, Ashley Parks and Shawn Jones v. Arlene Smalls, M.D.**

57. The previous paragraphs are incorporated by reference.

58. The negligence and carelessness of Defendant Arlene Smalls, M.D. included the following:

(a) failing to schedule, order and perform a timely cesarean section;

(b) failing to recognize prior to delivery and while Ashley Parks was under their control, that Shawn required a caesarian delivery due to his size;

(c) improperly attempting vaginal delivery;

(d) scheduling a vaginal delivery resulting in a delay in C-section;

(e) failing to employ available and/or appropriate methods, techniques and procedures in the delivery of Ashley Parks and Shawn Jones, taking into consideration and accounting for the known risks associated with Shawn's size;

(f) failure to prevent Shawn Jones from oxygen deprivation at birth;

(g) failure to prevent neurological birth injury;

(h) improperly attempting to delivery Shawn by manually pulling on his head;