(i) manually attempting to deliver Shawn by pulling on his head for an extended period of time;

 (j) failure to attempt alternative delivery methods;

 (k) failure to perform an emergency C-section;

 (l) failure to recommend C-section in light of an overdue child;

 (m) failure to recommend C-section in light of such a large child;

 (n) using excessive force during vaginal delivery;

 (o) failure to attempt other maneuvers during vaginal delivery;

 (p) improper technique during vaginal delivery; and

 (q) delay in identifying the need for intervention.

59. As a proximate result of the negligence, carelessness and/or negligent omissions set forth above, Shawn Jones has been caused to suffer the injuries, losses and damages set forth above.

WHEREFORE, Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones, demand judgment against Defendant, together with all costs, interest, attorneys' fees and all other relief which this Court deems just and appropriate.

### COUNT V – NEGLIGENCE
**Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones v. Adeeb Kahlifeh, M.D.**

60. The previous paragraphs are incorporated by reference.

61. The negligence and carelessness of Defendant Adeeb Kahlifeh, M.D. included the following:

 (a) failing to schedule, order and perform a timely cesarean section;

 (b) failing to recognize prior to delivery and while Ashley Parks was under their control, that Shawn required a caesarian delivery due to his size;

(c) improperly attempting vaginal delivery;

(d) scheduling a vaginal delivery resulting in a delay in C-section;

(e) failing to employ available and/or appropriate methods, techniques and procedures in the delivery of Ashley Parks and Shawn Jones, taking into consideration and accounting for the known risks associated with Shawn's size;

(f) failure to prevent Shawn Jones from oxygen deprivation at birth;

(g) failure to prevent neurological birth injury;

(h) improperly attempting to delivery Shawn by manually pulling on his head;

(i) manually attempting to deliver Shawn by pulling on his head for an extended period of time;

(j) failure to attempt alternative delivery methods;

(k) failure to perform an emergency C-section;

(l) failure to recommend C-section in light of an overdue child;

(m) failure to recommend C-section in light of such a large child;

(n) using excessive force during vaginal delivery;

(o) failure to attempt other maneuvers during vaginal delivery;

(p) improper technique during vaginal delivery; and

(q) delay in identifying the need for intervention.

62. As a proximate result of the negligence, carelessness and/or negligent omissions set forth above, Shawn Jones has been caused to suffer the injuries, losses and damages set forth above.

WHEREFORE, Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones, demands judgment against Defendant, in an amount

in excess of the arbitration limit together with all costs, interest, attorneys' fees and all other relief which this Court deems just and appropriate.

### COUNT VI - CORPORATE NEGLIGENCE
### Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones, v. Lankenau Hospital and Main Line Health

63. The previous paragraphs are incorporated by reference.

64. The corporate negligence of Defendant Lankenau Hospital, established in *Thompson v. Nason Hospital*, supra and its progeny, is detailed in the following paragraphs.

65. Defendants were negligent in its failure to select, employ, and retain competent physicians to practice within its facility.

66. Defendants were negligent in its failure to oversee physicians during the treatment and care of Plaintiff during her November 2010 admission at Lankenau Hospital.

67. Defendants were negligent in its failure to oversee its hospital staff during the Plaintiff's November 2010 admission at Lankenau Hospital.

68. Defendants were negligent in its failure to use reasonable care in the maintenance of safe and adequate facilities and equipment.

69. Defendants negligently failed to formulate, adopt and enforce adequate rules and policies regarding the evaluation care and treatment of fetal distress.

70. Defendants negligently failed to formulate, adopt and enforce adequate rules and policies regarding the timely treating of fetal distress.

71. Defendants negligently failed to formulate, adopt and enforce adequate rules and policies regarding the scheduling of emergency surgery.

72. Defendants negligently failed to formulate, adopt and enforce adequate rules and policies regarding care and treatment of vaginal deliveries.

73. Defendants negligently failed to formulate, adopt and enforce adequate rules and policies regarding the preventive measures that could have prevented shoulder dystocia and neurological impairment.

74. Defendants negligently failed to formulate, adopt and enforce adequate rules and policies regarding the preventive measures that could have prevented the failure to timely properly perform cesarean surgery.

75. Defendants negligently failed to formulate, adopt and enforce adequate rules and policies regarding communication among physicians.

76. Defendants had actual and/or constructive knowledge of the failures as set forth in paragraphs above.

77. The acts or omissions of Defendants constitutes a deviation from the standard of care.

78. The acts or omissions of Defendants were a substantial factor in bringing about the harm.

WHEREFORE, Shawn Jones, a minor, by and through his Parents and Natural Guardians, Ashley Parks and Shawn Jones, demand judgment against the Defendants, jointly and severally, in an amount in excess of the arbitration limit together with all costs, interest, attorneys' fees and all other relief which this Court deems just and appropriate.

FREIWALD LAW, P.C.

By: _____
AARON J. FREIWALD. ESQUIRE
JOSEPH MARANO, ESQUIRE
Attorneys for Plaintiffs

Dated: July 7, 2015

-16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JONES, A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, ASHLEY PARKS<br>Plaintiffs<br><br>v.<br><br>MAIN LINE HEALTH,<br>THE LANKENAU HOSPITAL,<br>JOAN KEEGAN, D.O.,<br>ARLENE SMALLS, M.D. AND<br>ADEEB KAHLIFEH, M.D.<br>Defendants | No. |

### CERTIFICATE OF MERIT AS TO DEFENDANT THE LANKENAU HOSPITAL

I, Aaron J. Freiwald, Esquire, certify that:

☒ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

☒ the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR



☐     expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendant.

                                                  **FREIWALD LAW, P.C.**

By: _____
                                           AARON J. FREIWALD, ESQUIRE
                                           Counsel for Plaintiffs

Date: <u>July 7, 2015</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JONES, A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, ASHLEY PARKS<br>Plaintiffs<br><br>v.<br><br>MAIN LINE HEALTH,<br>THE LANKENAU HOSPITAL,<br>JOAN KEEGAN, D.O.,<br>ARLENE SMALLS, M.D. AND<br>ADEEB KAHLIFEH, M.D.<br>Defendants | No. |

### CERTIFICATE OF MERIT AS TO DEFENDANT MAIN LINE HEALTH

I, Aaron J. Freiwald, Esquire, certify that:

☒  an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

☒  the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR



EXHIBIT B

-2-

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendant.

                                                     **FREIWALD LAW, P.C.**

By: _____
                                                     AARON J. FREIWALD, ESQUIRE
                                                     Counsel for Plaintiffs

Date: July 7, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JONES, A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, ASHLEY PARKS<br>        Plaintiffs<br><br>    v.<br><br>MAIN LINE HEALTH,<br>THE LANKENAU HOSPITAL,<br>JOAN KEEGAN, D.O.,<br>ARLENE SMALLS, M.D. AND<br>ADEEB KAHLIFEH, M.D.<br>        Defendants | No. |

### CERTIFICATE OF MERIT AS TO DEFENDANT JOAN KEEGAN, D.O.

I, Aaron J. Freiwald, Esquire, certify that:

☒ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

☒ the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

EXHIBIT
C