IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JONES, A MINOR, BY AND THROUGH HIS PARENTS AND NATURAL GUARDIANS, ASHLEY PARKS AND SHAWN JONES<br>    Plaintiffs<br><br>v.<br><br>MAIN LINE HEALTH, THE LANKENAU HOSPITAL, JOAN KEEGAN, D.O., ARLENE SMALLS, M.D., AND ADEEB KHALIFEH, M.D.<br>    Defendants | No. 2:15-cv-03882 |

## PLAINTIFFS' PRETRIAL MEMORANDA

**A.    FACTS**

On November 30, 2010, Ashley Parks, then 25 years old, presented to Lankenau Hospital in labor. At the time, Ashley was two days beyond her estimated date of delivery of November 28, 2010. Ashley's labor began at 9:20 and ended at 15:49. This labor was augmented with Pitocin. During delivery, there was difficulty delivering the anterior shoulder of Ashley's child. Despite this difficulty, a first year resident 5 months into his residency was allowed to attempt to deliver this baby. Eventually a shoulder dystocia situation was announced and an episiotomy, super pubic pressure, and a McRoberts maneuver were performed. These complicated maneuvers were performed by yet another resident. This was also unsuccessful.

It wasn't until the attending, Arlene Smalls, M.D., became involved in the delivery, that the shoulder was delivered. This shoulder dystocia situation lasted approximately 3 minutes. Dr. Smalls acknowleged in her deposition that 3 minutes is a long shoulder dystocia case. That is 3 minutes with extreme pressure being applied to the infant's shoulder by unexperienced trainee doctors.

-2-

At 15:49, Ashley Parks delivered Shawn Jones, weighing 8 lbs, 6 oz (3900 gm). Shawn's Apgar scores were 1, 7, and 8 at 1, 5, and 10 minutes respectively. Upon initial exam, Shawn exhibited right upper extremity weakness and was diagnosed with Erb's palsy. Shawn was diagnosed with a severe right brachial plexus injury, involving the C-5, C-6, and C-7 nerve roots. As a result of the negligently performed delivery, Shawn has suffered the effects of Erb's Palsy to this day.

The nerve root avulsion that occurred to Shawn can only occur when the nerves of the brachial plexus are stretched beyond their limits. This occued as a result of the overly forceful manner in which the delivery was performed. Dr. Adeeb Khalifeh, Dr. Joanne Keegan-Devine, and Dr. Arlene Smalls were all negligent in the delivery of Shawn Jones by improperly performing the requisite maneuvers to relieve shoulder dystocia and applying an excessive amount of traction. Further, Dr. Smalls was negligent and increased the risk of harm to Shawn by failing to timely become involved in the birthing process and allowing the trainee doctors to perform such complicated procedures. It wasn't until Arlene Smalls became involved that this child's shoulder was freed from the pubic bone.

**B. WITNESSES**

1. Ashley Parks – Fact and Damages
2. Shawn Jones– Fact and Damages
3. Shawn Jones, Jr–Damages
4. Arlene Smalls, M.D. – Fact and Liability
5. Adeeb Khalifeh, M.D. – Fact and Liability
6. Joan Devine, D.O. – Fact and Liability
7. Rosalyn Pierce, MA, CRC., CDMS., NCC, CCM, LRC, CLCP – Expert

    8.     Varsha Desai, BSN, RN, CNLCP, LNCC – Expert

    9.     Dan Adler, M.D. – Expert

    10.    Joshua Holden, M.D., FACOG – Expert

    11.    Chad Staller, JD, MBA, MAC, CVA – Expert

    12.    Sherri Stupak - Damages (Day in the Life Video)

**C.    EXPERT WITNESSES**

    1.     Rosalyn Pierce, MA, CRC, CDMS, NCC, CCM, LRC, CLCP – Ms. Pierce opines on how Shawn's opportunities in the workforce will be limited due to his injuries.

    2.     Varsha Desai, BSN, RN, CNLCP, LNCC - Ms. Desai opines on the medical and non-medical needs that have resulted from Shawn's injuries.

    3.     Daniel Adler, M.D. – Dr. Adler opines that Shawn suffered a severe nerve injury caused by the traction applied by the Defendants during the delivery process.

    4.     Joshua Holden, M.D., FACOG – Dr. Holden opines that the Defendnts breached the standard of care during the delivery of Shawn.

    5.     Chad Staller, JD, MBA, MAC, CV A - Mr. Staller opines on the economic impact of Shawn's injuries.

**D.    CURRICULUM VITAE OF EXPERT WITNESSES**

    1.     CV of Rosalyn Pierce, MA, CRC, CDMS, NCC, CCM, LRC, CLCP

    2.     CV of Varsha Desai, BSN, RN, CNLCP, LNCC

    3.     CV of Dan Adler, M.D.

    4.     CV of Joshua Holden, M.D., FACOG

    5.     CV of Chad Staller, JD, MBA, MAC, CVA

**E.    DESIGNATION OF VIDEOTAPED TRIAL TESTIMONY**

To date no videotaped trial testimony is anticipated at trial.

### F. DESIGNATION OF DEPOSITION TESTIMONY

Plaintiff reserves the right to designate all deposition testimony at trial.

### G. MONETARY DAMAGES

As a result of the Defendants' negligence, Shawn Jones is a 6 year old boy with significant neurological disabilities as a result of the brachial plexus injury to his right arm. Shawn has limited strength, limited range of motion, and limited fine motor skills on that side of his body. This effects every aspect of his life and will limit his opportunities in the future.

A vocation report prepared by Rosalyn Pierce, MA, reveals that Shawn will be limited in what future career options are available to him as a result of his limited use of his right arm. These limitations result in a lost earnings capacity and fringe benefits in the range of $758,161.00 to $915,449.00.

A life care plan was prepared for Shawn by Varsha Desai, VSN, RN, CNLCP, LNCC. The total projected costs for Shawn's future medical care is between $528,579.00 to $549,667.00. As adjusted by Chad Staller, JD, MBA, MAC, CVA the future cost of medical and related care is $1,353,016.00 and the present cost of medical and related care is $369,099.00.

The limitations Shawn has will continue to impact every aspect of his life. These include limiting his current activities such asplaying sports like a normal child, as well as his future employment options, and his future responsibilities as a father.

### H. STIPULATIONS

Plaintiffs are willing to stipulate to the authenticity of the medical records. Plaintiffs have agreed to stipulate to the dismissal of Plaintiff's direct Corporate Liability claims against Defednats Main Line Health and The Lankenau Hospital making Defendant's motion for Partial Summary Judgement moot.

### I. OBJECTIONS TO EXPECTED EVIDENCE

Plaintiff objects to several irrevelant and misleading medical articles that Plaintiff anticipicates the defense intends to use at trial. Plaintiff also objects to the speculative opinions of Mark Mintz, M.D., as well as the obstetrical standard of care opinions of Pediatric Neurologist Dr. Mintz. Plaintiff further objects to the extremely late filing of a Daubert Motion by the Defendants.

### J. LEGAL ISSUES

Plaintiff anticipates it wil be necessary for the court to rule upon the above objections.

Plaintiffs also reserve the right to supplement these disclosures up to, and including, the time of trial.

FREIWALD LAW, P.C.

By: _____
JOSEPH MARANO, ESQUIRE
Attorney for Plaintiffs

Dated: December 19, 2016